UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (Covington)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, :

:
: Case No.
Plaintiff, :
:
v. :
:
**ESTATE OF DALLAS R. TRINKLE, Jr**.; **CHRISTINE TRINKLE**, as legal guardian of **GAIL A. TRINKLE**; **ACRAMOLD ENGINEERING, INC**.; the **ACRAMOLD, INC. DEFINED BENEFIT PLAN**; and the **ACRAMOLD ENGINEERING, INC. 401(k) PROFIT SHARING PLAN**, :
:
:
:
:
:
:
:
:
Defendants, :
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **COMPLAINT**

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

**1.** This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

1

2.  This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3.  The Acramold, Inc. Defined Benefit Plan ("DB Plan") is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4.  The Acramold Engineering, Inc. 401(k) Profit Sharing Plan ("401(k) Plan") is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

5.  The 401(k) Plan and the DB Plan (collectively "Plans") are named as defendants herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

6.  Venue of this action lies in the Eastern District of Kentucky, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plans are administered in Burlington, Boone County, Kentucky, within this district.

## DEFENDANTS

7.  Acramold Engineering, Inc. ("Acramold") is a Kentucky corporation, with an office and principle place of business in Burlington, Kentucky; it was formed in 1984 and administratively dissolved by the Kentucky Secretary of State in 2010, although it continued to operate after its dissolution.

8.  Acramold is the sponsor and Plan Administrator of both Plans and a fiduciary of both Plans within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), because it had discretionary authority and responsibility in the administration of both Plans. It is also a party in

2

interest to both Plans within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§1002(14) (A) and (C).

9. Dallas R. Trinkle, Jr. ("Dallas Trinkle") was the President and owner of Acramold; a trustee of the DB Plan; and a fiduciary of both Plans within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), because he had discretionary authority and responsibility in the administration of the DB Plan and exercised discretionary control respecting management of the 401(k) Plan and authority and control respecting management and disposition of the 401(k) Plan's assets. He was also a party in interest to both Plans within the meaning of ERISA §§3(14)(A) and (H), 29 U.S.C. §§1002(14) (A) and (H).

10. Dallas Trinkle passed away on March 1, 2018.

11. Gail A. Trinkle ("Gail Trinkle") is the Vice-President of Acramold; a trustee of both Plans; and a fiduciary of both Plans within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), because she had discretionary authority and responsibility in the administration of both Plans. She is also a party in interest to both Plans within the meaning of ERISA §§3(14)(A) and (H), 29 U.S.C. §§1002(14) (A) and (H).

12. Christine Trinkle is the legally-appointed conservator and guardian, pursuant to KRS §387.590, of Gail Trinkle, who is the real party in interest. Christine Trinkle is named as a defendant solely in her representative capacity, pursuant to Fed. R. Civ. P. 17(c)(1).

## COUNT ONE
### (Improper transfer of plan assets from the DB Plan to Defendants)

13. Paragraphs 1 through 12, above are realleged and incorporated herein by reference.

14. During the period November 17, 2008 to March 30, 2015, Defendants transferred assets from the DB Plan to or for the benefit of themselves on the dates and in the amounts set forth below:

| | | |
|---|---|---|
| 1. | 11/17/2008 | $ 3,400.00 |
| 2. | 2/2/2009 | $ 13,500.00 |
| 3. | 3/6/2009 | $ 25,000.00 |
| 4. | 6/3/2009 | $ 12,000.00 |
| 5. | 8/31/2009 | $ 40,000.00 |
| 6. | 11/12/2009 | $ 20,000.00 |
| 7. | 11/19/2009 | $ 351.00 |
| 8. | 12/18/2009 | $ 45,000.00 |
| 9. | 1/27/2010 | $ 20,000.00 |
| 10. | 2/16/2010 | $ 20,000.00 |
| 11. | 3/16/2010 | $ 15,500.00 |
| 12. | 6/10/2010 | $ 25,000.00 |
| 13. | 8/19/2010 | $ 15,000.00 |
| 14. | 2/8/2011 | $ 15,000.00 |
| 15. | 2/11/2011 | $ 15,000.00 |
| 16. | 6/29/2011 | $ 15,000.00 |
| 17. | 10/11/2011 | $ 7,990.00 |
| 18. | 11/22/2011 | $ 10,000.00 |
| 19. | 12/8/2011 | $ 15,000.00 |
| 20. | 12/23/2011 | $ 15,000.00 |
| 21. | 1/20/2012 | $ 3,700.00 |
| 22. | 1/26/2012 | $ 10,000.00 |
| 23. | 2/16/2012 | $ 10,000.00 |
| 24. | 2/24/2012 | $ 15,000.00 |
| 25. | 4/2/2012 | $ 10,000.00 |
| 26. | 9/17/2012 | $ 10,000.00 |
| 27. | 2/27/2013 | $ 6,723.00 |
| 28. | 5/21/2013 | $ 7,500.00 |
| 29. | 7/11/2013 | $ 10,000.00 |
| 30. | 10/25/2013 | $ 10,000.00 |
| 31. | 12/20/2013 | $ 10,000.00 |
| 32. | 1/10/2014 | $ 10,000.00 |
| 33. | 2/6/2014 | $ 15,000.00 |
| 34. | 3/30/2015 | $ 1,000.00 |

**Total: $ 476,664.00**

15. The transfers described in Paragraph 14 caused the DB Plan to incur fees totaling $623.00.

16. As of January 1, 2018, participants of the DB Plan (excluding Dallas Trinkle and Gail Trinkle) have accrued vested benefits of approximately $340,595. However, due to the transfers described in Paragraph 14 and the fees described in Paragraph 15, the DB Plan currently has assets of only approximately $110 with which to pay benefits.

17. The transfers described in Paragraph 14 were authorized by Dallas Trinkle and Gail Trinkle, as trustees of the DB Plan, and by Acramold as Plan Administrator of the DB Plan.

18. At no time, did Defendants take any action on behalf of the DB Plan to recover the improper transfers described in Paragraph 14.

19. In July 2014, the DB Plan's actuary provided Defendants with draft Annual Report Forms 5500 for plan years 2010, 2011, and 2012. The reports, as drafted, disclose prohibited transactions occurring in each plan year and disclose the underfunded status of the DB Plan for plan years 2011 and 2012.

20. In a cover letter dated July 7, 2014, the DB's plan actuary informed Defendants that: "[p]rohibited transactions (distributions taken from the plan) now total $392,264." The letter then listed the amount of prohibited transactions that had occurred between 2009 and June 30, 2013.

21. Despite being advised in 2014 of the violations they had committed, and being provided draft Annual Report Forms 5500 for plan years 2010, 2011, and 2012, Defendants failed to file the Annual Report Forms 5500 (which would have disclosed some of the violations) or take any other action to correct the violations.

22. Upon information and belief, Defendants have never disclosed the existence of the DB Plan to its participants (other than Dallas Trinkle and Gail Trinkle) and have never provided summary annual reports to participants of the DB Plan, which would have disclosed the violations Defendants had committed.

23. By the conduct described in Paragraphs 14 through 22, Acramold, Dallas Trinkle, and Gail Trinkle:

    **A**. violated ERISA §403(a), 29 U.S.C. §1103(a), which requires that all assets of an employee benefit plan shall be held in trust;

    **B**. failed to act solely in the interest of the participants and beneficiaries of the DB Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    **C**. failed to discharge their duties with respect to the DB Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

    **D**. failed to discharge their duties with respect to the 401(k) Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the DB Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D);

    **E**. caused the DB Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in

interest, of assets of the DB Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

   F. dealt with assets of the DB Plan in their own interest in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

   G. acted on behalf of a party whose interests were adverse to the interests of the DB Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

  24. As a direct and proximate result of these breaches committed by Defendants, the DB Plan has suffered injury and losses for which it is entitled to equitable relief, pursuant to ERISA §409, 29 U.S.C. §1109.

  25. By the conduct described in Paragraphs 14 through 22, Acramold, Dallas Trinkle, and Gail Trinkle engaged in fraud and concealment.

### COUNT TWO
### (Improper transfer of plan assets from the 401(k) Plan to Gail Trinkle)

  26. Paragraphs 1 through 12, above are realleged and incorporated herein by reference.

  27. The 401(k) Plan permits eligible participants to take plan loans, pursuant to certain limitations and conditions, including that "[t]he amount of the loan does not exceed (at the time that the Plan extends the loan) the present value of the Participant's nonforfeitable Accrued Benefit and Accounts."

  28. On July 2, 2009, Gail Trinkle requested and received a participant loan in the amount of $50,000 from the 401(k) Plan. The terms of the loan required that it be repaid in installments over five years.

29. At the time Gail Trinkle received the loan, her calculated accrued benefit in the 401(k) Plan was $37,056.76.

30. The loan was authorized by Dallas Trinkle, on behalf of Acramold, as Plan Administrator of the 401(k) Plan.

31. Gail Trinkle made no payments on the loan, and on July 15, 2014, the loan was deemed a distribution by the 401(k) Plan's asset custodian.

32. Although the terms of the loan contained an acceleration clause and required the 401(k) Plan's fiduciaries to take action to collect the loan in the event of a default, Acramold, Dallas Trinkle, and Gail Trinkle took no action to collect the delinquent loan or to recover the amount of the deemed distribution that exceeded Gail Trinkle's account balance, thereby allowing Gail Trinkle to retain assets of the 401(k) Plan to which she was not entitled.

33. By the conduct described in Paragraphs 27 through 32, Acramold, Dallas Trinkle, and Gail Trinkle:

   A. violated ERISA §403(a), 29 U.S.C. §1103(a), which requires that all assets of an employee benefit plan shall be held in trust;

   B. failed to act solely in the interest of the participants and beneficiaries of the 401(k) Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

   C. failed to discharge their duties with respect to the DB Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar

with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

      **D.**      failed to discharge their duties with respect to the 401(k) Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the 401(k) Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D);

      **E.**      acted on behalf of a party whose interests were adverse to the interests of the 401(k) Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

**34.** Acramold, Dallas Trinkle, and Gail Trinkle are liable, pursuant to ERISA §405(a)(2), 29 U.S.C. §1105(a)(2), for the breaches of fiduciary responsibility by their co-fiduciaries, as described above, because by failing to comply with ERISA §404(a)(1), 29 U.S.C. §1104(a)(1), in the administration of their specific responsibilities which gave rise to their status as fiduciaries of the 401(k) Plan, they enabled each other to breach their fiduciary duties.

**35.** Acramold, Dallas Trinkle, and Gail Trinkle are liable, pursuant to ERISA §405(a)(3), 29 U.S.C. §1105(a)(3), for the breaches of fiduciary responsibility by their co-fiduciaries, as described above, because they had knowledge of the breaches and failed to make reasonable efforts under the circumstances to remedy them.

**36.** As a direct and proximate result of these breaches committed by Defendants, the 401(k) Plan has suffered injury and losses for which it is entitled to equitable relief, pursuant to ERISA §409, 29 U.S.C. §1109.

## COUNT THREE
**(Failure to administer the DB Plan)**

37. Paragraphs 1 through 12 and 14 through 25, above are realleged and incorporated herein by reference.

38. The DB Plan has not filed Annual Report Form 5500 with the U.S. Department of Labor since the 2009 plan year.

39. Acramold has made no contributions to the DB Plan since 2005, and upon information and belief, Defendants Acramold, Dallas Trinkle, and Gail Trinkle have taken no action since 2011 to collect contributions owed by Acramold to the DB Plan.

40. Upon information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the DB Plan and its assets since at least October 13, 2010, and the DB Plan has not been formally terminated.

41. Because the individuals and entities designated to act on behalf of the DB Plan have failed to administer the DB Plan, participants and beneficiaries of the DB Plan are not able to obtain benefits or distributions from the DB Plan.

42. By the conduct described in paragraphs 38 through 41 above, Defendants Acramold, Dallas Trinkle, and Gail Trinkle:

    A. failed to discharge their duties with respect to the DB Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the DB Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    B. failed to discharge their duties with respect to the DB Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar

with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B); and

    **C.**  failed to discharge their duties with respect to the DB Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the DB Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

  43.  As a direct and proximate result of these breaches committed by Defendants, the DB Plan has suffered injury and losses for which it is entitled to equitable relief, pursuant to ERISA §409, 29 U.S.C. §1109.

**COUNT FOUR**
**(Failure to administer the 401(k) Plan)**

  44.  Paragraphs 1 through 12 and 27 through 36, above are realleged and incorporated herein by reference.

  45.  The 401(k) Plan has not filed Annual Report Form 5500 with the U.S. Department of Labor since the 1999 plan year.

  46.  Upon information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the 401(k) Plan and its assets since at least May 2017, and the 401(k) Plan has not been formally terminated.

  47.  Because the individuals and entities designated to act on behalf of the 401(k) Plan have failed to administer the 401(k) Plan, participants and beneficiaries of the 401(k) Plan are not able to obtain benefits or distributions from the 401(k) Plan.

  48.  By the conduct described in paragraphs 44 through 47 above, Defendants Acramold and Gail Trinkle:

**A.** failed to discharge their duties with respect to the 401(k) Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the 401(k) Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

**B.** failed to discharge their duties with respect to the 401(k) Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B); and

**C.** failed to discharge their duties with respect to the 401(k) Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the 401(k) Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

**49.** As a direct and proximate result of these breaches committed by Defendants, the Plan has suffered injury and losses for which it is entitled to equitable relief, pursuant to ERISA §409, 29 U.S.C. §1109.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

**A.** Permanently enjoining defendants Acramold and Gail Trinkle from violating the provisions of Title I of ERISA;

**B.** Ordering Defendants Acramold, Estate of Dallas Trinkle, and Gail Trinkle to make good to the Plans any losses, including interest, resulting from fiduciary breaches committed by them or for which they are liable;

    **C.**    Ordering Defendants Acramold, Estate of Dallas Trinkle, and Gail Trinkle to correct the prohibited transactions in which they engaged;

    **D.**    Removing Defendants Acramold and Gail Trinkle from their position as fiduciaries with respect to the Plans and permanently enjoining them from acting or serving as fiduciaries or service providers to any ERISA-covered employee benefit plan;

    **E.**    Appointing an independent fiduciary to administer the Plans in order to effectuate their termination and the distribution of the Plans' assets to the participants and beneficiaries;

    **F.**    Ordering Defendants Acramold, Estate of Dallas Trinkle, and Gail Trinkle to pay the costs of the independent fiduciary;

    **G.**    Awarding the Secretary the costs of this action; and

    **H.**    Ordering such further relief as is appropriate and just.

Respectfully Submitted,

Dated: <u>March 5, 2018</u>

/s/ Matthew M. Scheff
**MATTHEW M. SCHEFF (OH 82229)**
Trial Attorney

United States Department of Labor
Office of the Solicitor
1240 East Ninth St., Room 881
Cleveland, OH  44199
(216) 522-3878
(216) 522-7172 (Fax)
scheff.matthew@dol.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

            BENJAMIN T. CHINNI
            Associate Regional Solicitor